UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| DAVID EARL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:18-cv-53-LCB |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| COMMISSIONER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the complaint (doc. 1) of plaintiff David Earl Johnson. Plaintiff seeks judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Court has reviewed the complaint, the pertinent record, and the Commissioner's brief. Plaintiff did not file a brief.

It is the duty of the Court to review the decision of the ALJ and not re-weigh the evidence or substitute its decision for the ALJ's. In particular, the Court must affirm the ALJ's decision if it is supported by substantial evidence, even if there is evidence that supports the opposite conclusion. The Court must also determine whether the ALJ applied the correct legal standards.

Plaintiff's complaint alleges that the Commissioner did not obtain additional

1

evidence from his primary care physician, Dr. Don Heinkel, or his lung specialist, Dr. Albert Lynn Ridgeway, in connection with his current application[1] for disability insurance benefits. However, the record reveals that plaintiff's claim for disability insurance benefits was denied because he did not meet the disability insured requirements under Title II of the Social Security Act. In particular, the ALJ found plaintiff had alleged a disability onset date of May 11, 1998, and that his disability insured status expired on March 30, 1996. (R. 11). As a result, the ALJ denied plaintiffs' August 4, 2014, application for disability insurance benefits.

The Court affirms the decision of the ALJ. An individual who is insured for disability benefits, has not attained retirement age, and is under disability shall be entitled to disability insurance benefits. 42 U.S.C. § 423; 20 C.F.R. § 404.315. A key factor in this analysis is whether the claimant is insured for disability benefits. To be eligible for disability insurance benefits under Title II of the Social Security Act, an individual must have worked for a certain period of time and paid social security taxes on those earnings. *See* 42 U.S.C. § 416(i)(3) (describing when disability insurance status ends); 20 C.F.R. § 404.110 (describing how the SSA determines fully insured status); 20 C.F.R. § 404.130 (same); 20 C.F.R. § 404.130 (describing when an individual has disability insured status). Furthermore, an individual must show that he become disabled before his disability insured status

---

[1] The ALJ's decision describes plaintiff's prior applications for disability insurance benefits and supplemental social security income; however, those applications are not at issue here. (R. 11).

2

expired. (*Id.*).

Here, the record shows that plaintiff claimed a disability onset date of May 11, 1998, and that his insured status expired on March 30, 1996. (R. 15-21, 33, 35). Thus, plaintiff is not entitled to disability insured benefits. Therefore, the Court finds that the decision of the ALJ should be affirmed.

A final judgment will be entered separately.

**DONE** and **ORDERED** this May 3, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE